IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cr-20002 |
| | ) | |
| JEREMY HIX, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jeremy Hix's Amended Motion for Compassionate Release (d/e 45) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On April 22, 2019, Defendant pled guilty to three counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(a). Defendant also pled guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b).

According to the Presentence Investigation Report (PSR)

prepared for Defendant's sentencing, a law enforcement agent downloaded multiple images of child pornography in 2018 after connecting to an IP address assigned to Defendant's residence.  PSR (d/e 28), ¶¶ 9-12.  A subsequent search of Defendant's residence resulted in the discovery of numerous computer devices.  Id. ¶¶ 13-14.  A search of these devices uncovered images of child pornography depicting adult males engaging in sexual activity with prepubescent girls.  Id. ¶ 15.  Defendant was determined to be responsible for over 10,000 images of child pornography.  Id. ¶ 33.

On August 23, 2019, the Court sentenced Defendant to 70 months' imprisonment and 5 years of supervised release on each count, with all sentences to run concurrently.  Defendant is currently serving his sentence at FCI Loretto and has a projected release date of December 6, 2023.  As of July 28, 2020, the Bureau of Prisons (BOP) reports that FCI Loretto currently has 23 confirmed cases of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last accessed July 28, 2020).

On July 6, 2020, Defendant filed a pro se motion for compassionate release (d/e 43) pursuant to 18 U.S.C. §

3582(c)(1)(A).  On July 12, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  Defendant, who is 38 years old, requests compassionate release based on his hypertension and the COVID-19 pandemic.

Defendant proposes to live with his mother if released from custody.  The United States Probation Office, in a Memorandum (d/e 46) addressing Defendant's request for compassionate release, concludes that Defendant's mother's house is a suitable residence for Defendant.  The Memorandum also notes that Defendant has had no disciplinary issues while in BOP custody and that his request to the BOP for compassionate release was denied on June 24, 2020.

On July 15, 2020, the Government filed a Response in Opposition to Defendant's Motion for Sentence Reduction (d/e 50).  The Government argues that Defendant's motion should be denied because fear of contracting a disease is not a sufficient basis for compassionate release.  The Government also notes that the BOP has implemented extensive measures designed to curb the spread of COVID-19, that Defendant recently began taking medication to

treat his hypertension, and that Defendant has not yet participated in sex offender treatment.

An additional basis of the Government's opposition to Defendant's motion was the fact that, at the time the Government filed its response, there were no confirmed cases of COVID-19 in FCI Loretto.  As stated above, there are now 23 confirmed cases of COVID-19 in that BOP facility.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented

extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment.  While FCI Loretto now has 23 confirmed cases of COVID-19, Defendant is only 38 years old and is taking medication to treat his hypertension.  The CDC has taken the position that hypertension may increase the risk that COVID-19 poses to an individual.  People Who Are at Higher Risk for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed July 28, 2020).  However, the CDC, at this time, does not consider a person whose only underlying medical condition is hypertension to be at higher risk for severe illness from COVID-19. Clinical Questions About COVID-19: Questions and Answers, Centers for Disease Control and Prevention, https://www.cdc.gov/

coronavirus/2019-ncov/faq.html (last accessed July 28, 2020).

In addition, Defendant, who was held responsible for over 10,000 images of child pornography at sentencing, has not yet participated in sex offender treatment while in BOP custody. Therefore, his release would pose a danger to the community. The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

## III. CONCLUSION

For the reasons set forth above, Defendant Jeremy Hix's Amended Motion for Compassionate Release (d/e 45) and Defendant's pro se motion for compassionate release (d/e 43) are DENIED.

ENTER: July 28, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE